UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GREAT AMERICAN INSURANCE COMPANY,

                Plaintiff,

    -against-                                                  04 Civ. 9408 (LAK)

A.G. SHIP MAINTENANCE CORP., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

      Appearances:

               James W. Carbin
                Brett M. Popolow
                DUANE MORRIS, LLP
                *Attorneys for Plaintiff*

                Jeanne Marie Downey
                John Greco
                BETANCOURT, VAN HEMMEN, GRECO & KENYON
                *Attorneys for A.G. Ship Maintenance Defendants*

LEWIS A. KAPLAN, *District Judge.*

        This case involves an insurance coverage dispute between Great American Insurance Company ("Great American") and its insureds, defendants A.G. Ship Maintenance Corp., Worldwide Management Group, Inc., Bay Container Corp., A.G. Terminal Services, Inc., Portwide Cargo Securing Company, and Chapel Street Partners (collectively, "AG"). The matter is before the Court on AG's amended motion to dismiss the complaint, which seeks only declaratory relief against AG

on coverage issues, on the grounds that subject matter jurisdiction is lacking and, in any case, the Court should exercise its discretion to decline declaratory relief in view of Great American's alleged gamesmanship in bringing the action and a pending suit for coercive and other relief in the New Jersey Superior Court.[1] Great American has cross-moved for an order requiring AG to assert here certain claims made by it against Great American in the New Jersey action on the ground that they are compulsory counterclaims.

*AG's Motion*

The question whether the case falls within the admiralty jurisdiction is hotly contested, requires discovery for its resolution, and might be resolved only after an evidentiary hearing. Accordingly, the Court exercises its discretion to resolve the matter on a more easily determined basis, viz. whether it should issue declaratory relief in these circumstances.[2]

This action for declaratory relief was one of the entrants in a race to the courthouse. AG, a company headquartered in Newark, New Jersey, that provides various services in and around the Ports of Newark, Elizabeth and Bayonne to shipping lines and terminal operators, was made the subject of a number of personal injury claims. It gave notice of most of them to AIG, and it settled two with AIG's approval. Following the settlements, however, AIG disclaimed responsibility,

---

[1] Great American amended the complaint to add as defendants American International Group, Inc., National Union Fire Insurance Company of Pittsburgh, Pa., and Lexington Insurance Company (collectively, "AIG") on claims for indemnification and contribution with respect to any liability that Great American may have to AG. AG amended its motion so as to apply to the amended complaint.

[2] *See, e.g., Cantor Fitzgerald, L.P. v. Peaslee,* 88 F.3d 152, 155 (2d Cir. 1996).

arguing that the underlying claims occurred outside its policy periods. AG then gave notice of those claims to Great American, which had issued the policies for the years following the AIG policies. Great American denied coverage for the two settled claims on November 4, 2004. On November 19, 2004, AG advised Great American and AIG that it would sue both if their denials of coverage were not reversed by November 26, 2004. Great American responded on November 29, 2004 by filing this action for a declaration that it is not liable to AG either with respect to the two settled cases or the other underlying claims, essentially on the basis of late notice.[3] AG filed the New Jersey action on the following day.

District courts possess broad discretion in determining whether to exercise jurisdiction over a declaratory judgment action.[4] The pertinent factors to be considered were summarized recently by the Second Circuit in *Dow Jones & Co. v. Harrods Ltd.*[5] In this case, they cut heavily in favor of AG. First, the record leaves little doubt that the declaratory remedy "is being used for 'procedural fencing' or [in] a 'race to res judicata'."[6] While the Court is confident that the New Jersey courts would understand an exercise of jurisdiction by this Court, it cannot be denied

---

[3] Great American allegedly admitted after the commencement of this action that it is still in the "investigatory stages" of its consideration of five of the eight underlying claims, Greco Cert. ¶ 27, a circumstance further demonstrating that its dominant motivation in filing this action was to preempt the choice of forum.

[4] *See, e.g., Wilton v. Seven Falls Co.,* 515 U.S. 277, 282-83 (1995).

[5] 346 F.3d 357 (2d Cir. 2003).

[6] *Id.* at 359.

that the lack of any particularly substantial reason to do so[7] could "increase friction between sovereign legal systems."[8] The New Jersey action affords a remedy at least equal in efficacy to any that could be provided in this forum.[9] No useful purpose would be served by this Court proceeding to declare the rights of the parties when the New Jersey court necessarily will do precisely the same thing in determining whether to grant or deny coercive relief. Accordingly, the Court exercises its discretion to decline declaratory relief.

*The Cross-Motion*

Great American seeks an order requiring AG to assert here certain claims – principally those for damages – that it has asserted in the New Jersey action on the ground that they are compulsory counterclaims in this action.

It is unnecessary to decide whether an order compelling assertion of claims would be an appropriate remedy if the claims in question were compulsory counterclaims for the simple reason that AG has not answered the complaint. Fed. R. Civ. P. 13(a) requires that a pleading state as a counterclaim any claim "which *at the time of serving the pleading* the pleader has against any opposing party." (Emphasis added) The only "pleadings" that exist in federal practice are

---

[7] The Court of course understands the role of the federal courts in admiralty cases. Suffice it to say here that the question whether this is a case within the admiralty jurisdiction is far from clear and that the question of an insurer's liability to indemnify an insured that does not operate ships, even if it is within the admiralty jurisdiction, is not at the heart of admiralty concerns.

[8] *Id.*

[9] *See id.* at 360.

complaints, answers, replies, answers to cross-claims, third-party complaints, and third party-answers. Fed. R. Civ. P. 7(a). Even if AG's New Jersey claims would have been compulsory counterclaims here had AG been required to answer, the dismissal of the complaint renders that academic because there will be no such occasion. This action is over, at least as to AG.

*Conclusion*

The motion of the AG defendants [docket items 4 and 15] is granted in all respects. The plaintiff's cross-motion [docket item 9] is denied.

SO ORDERED.

Dated: May 23, 2005

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)